

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MATSUMOTO, J.

------------------------------------------------------------ x

ANTONIO RIVERS and KAREEM RIVERS,

      Plaintiffs,

   -against-

Police Officer WILLIAM SCHUMACHER, Shield No. 4618; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

      Defendants.

------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

**GOLD, M.J.**

**SUMMONS ISSUED**

## NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Antonio Rivers ("plaintiff" or "Antonio Rivers") is a resident of Kings County in the City and State of New York.

7. Plaintiff Kareem Rivers ("plaintiff" or "Kareem Rivers") is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer William Schumacher, Shield No. 4618 ("Schumacher"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Schumacher is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

2

## STATEMENT OF FACTS

12. At approximately 4:00 p.m. on June 6, 2012, plaintiffs were lawfully in the area of 1027 Belmont Avenue in Brooklyn, New York.

13. Plaintiff Kareem Rivers was walking from a nearby store back to his house when defendants yelled at him, in sum, get the fuck off the corner before I punch you in the mouth.

14. Kareem Rivers responded that he was coming from the store and was going back to his house.

15. Kareem Rivers proceeded to walk toward his apartment building at the abovementioned location.

16. Defendant officers followed him and suddenly surrounded him as he was attempting to enter the lobby of his building.

17. Defendants demanded Kareem Rivers' identification. Plaintiff advised that he did not have his identification with him, but he could provide it to them as he lived in the building.

18. Defendant officers responded by throwing Kareem Rivers onto the sidewalk and handcuffing him tightly behind his back.

19. Plaintiff Antonio Rivers was in his residence at the abovementioned location when he looked out of his window and observed his nephew, Kareem Rivers, downstairs in handcuffs.

3

20. When defendant officers demanded Kareem Rivers' identification, Antonio Rivers came outside and attempted to provide it to them.

21. After being given the identification, defendants picked Kareem Rivers off the ground with force by only his handcuffs causing severe pain to his wrists, arms and shoulders.

22. Kareem Rivers was taken to a patrol car.

23. For no reason, defendants then slammed Antonio Rivers into the side of the patrol car and assaulted and battered him.

24. Antonio Rivers was thrown to the ground, kicked, punched and further assaulted.

25. While sitting in the patrol car, Kareem Rivers saw his uncle being assaulted, including being hit repeatedly with an asp by defendants.

26. Plaintiffs were eventually taken to a police precinct.

27. Kareem Rivers was held at the precinct for approximately two hours before being given a ticket for disorderly conduct and released.

28. Plaintiff Antonio Rivers was transported to Brooklyn Central Booking.

29. The officers falsely informed employees of the Kings County District Attorney's Office that they had observed Antonio Rivers obstructing governmental administration and resisting arrest.

30. The officers had not observed Antonio Rivers obstructing governmental

4

administration nor did he resist arrest.

31. At arraignment, the criminal charges against Antonio Rivers were adjourned in contemplation of dismissal.

32. After spending approximately 27 hours in custody, plaintiff Antonio Rivers was released.

33. After his release, Antonio Rivers went to Brookdale University Hospital emergency room for treatment to the multiple injuries he sustained as a result of defendants' beating, including difficulty breathing. Anthony Rivers was prescribed medication for the pain from the injuries the officers caused.

34. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

### FIRST CLAIM
**Unlawful Stop and Search**

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

5

## SECOND CLAIM
### False Arrest

38.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39.  Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

40.  As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

41.  Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42.  The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

43.  As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure to Intervene

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   July 26, 2012
         New York, New York

                        HARVIS MARINELLI
                        SALEEM & WRIGHT LLP

                        _____
                        Robert Marinelli
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        rmarinelli@hmswlaw.com

                        *Attorney for plaintiffs*